# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES EDWARD BARBER,

    Defendant.

Case No. 3:22-cr-00065-SLG-MMS

## ORDER RE MOTION TO DISMISS PURSUANT TO NEW YORK RIFLE AND PISTOL ASSOCIATION V. BRUEN

Before the Court at Docket 41 is Defendant's *Motion to Dismiss Pursuant to New York Rifle and Pistol Association v. Bruen*. The Government filed a response in opposition to the motion at Docket 43.

Mr. Barber seeks an order dismissing the Indictment, which charges him with being a Felon in Possession of a Firearm, in light of the Supreme Court's recent decision in *New York State Rifle & Pistol Association v. Bruen*.[1] In *Bruen*, the Supreme Court held that

> when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation.[2]

---

[1] 142 S. Ct. 2111, 2126 (2022).

[2] *Id.*

Mr. Barber, who is a felon, asserts that 18 U.S.C. § 922(g)(1) impermissibly burdens his Second Amendment right to keep and bear arms.[3] According to Mr. Barber, "[t]his law is unconstitutional as applied to Mr. Barber, because the Government cannot 'meet [its] burden to identify an American tradition'" that prohibited people with a felony conviction from possessing firearms.[4] Therefore, he maintains, the indictment must be dismissed.

The government responds that Ninth Circuit precedent, which holds that felon-in-possession statutes do not violate the Second Amendment, "has not been overruled by an en banc court or the Supreme Court."[5] And the government notes that when it filed its opposition in December 2022, one Circuit Court of Appeals, the Third Circuit, and 61 district courts, had upheld the constitutionality of Section 922(g)(1) post-*Bruen*.[6]

I. **Second Amendment jurisprudence prior to *Bruen***

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear

---

[3] Docket 41 at 42.

[4] Docket 41 at 42 (quoting *Bruen*, 142 S. Ct. at 2138)  A panel on the Third Circuit had held that the statute was constitutional but that opinion has been vacated and rehearing on banc is currently pending  *Range v. Att'y Gen. United States*, 53 F.4th 262 (3d Cir. 2022) (per curiam), *reh'g en banc granted, opinion vacated*, 56 F.4th 992 (3d Cir. 2023).

[5] Docket 43 at 3.

[6] Docket 43 at 3-6.

Case No. 3:22-cr-00065-SLG-MMS, *USA v. Barber*
Order re Motion to Dismiss Pursuant to *New York Rifle and Pistol Association v. Bruen*
Page 2 of 8
Case 3:22-cr-00065-SLG-MMS   Document 58   Filed 02/21/23   Page 2 of 8

Arms, shall not be infringed."[7]  Like other constitutionally protected rights, the right to bear arms is "subject to certain reasonable, well-defined restrictions."[8]  In other words, "[l]ike most rights, the right secured by the Second Amendment is not unlimited."[9]  Limitations on the Second Amendment were recognized prior to *Bruen*; as relevant here, the Supreme Court and the Ninth Circuit have consistently acknowledged that the Second Amendment's protections do not extend to the possession of firearms by felons.

In *District of Columbia v. Heller*, the Supreme Court extensively reviewed the pre- and post-Second Amendment history of firearms rights in the United States.  The Supreme Court held that Washington, D.C.'s ban on handgun possession within the home violated the Second Amendment.[10]  In so holding, the Supreme Court emphasized that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."[11]  The Supreme Court stated that the prohibition on the possession of firearms by felons was "presumptively lawful."[12]  Two years later, in *McDonald v. City of Chicago*, the Supreme Court explained that "[w]e made it clear in *Heller* that our holding did not

---

[7] U.S. CONST. amend. II.

[8] *Bruen*, 142 S. Ct. at 2156 (citing *District of Columbia v. Heller*, 554 U.S. 570, 581 (2008)).

[9] *Heller*, 554 U.S. at 626.

[10] *Id*. at 635.

[11] *Id.* at 626.

[12] *Id.* at 627 n.26.

Case No. 3:22-cr-00065-SLG-MMS, *USA v. Barber*
Order re Motion to Dismiss Pursuant to *New York Rifle and Pistol Association v. Bruen*
Page 3 of 8
Case 3:22-cr-00065-SLG-MMS   Document 58   Filed 02/21/23   Page 3 of 8

cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons . . . .'"[13]

The Ninth Circuit has relied on *Heller* and *McDonald* to uphold the constitutionality of Sections 922(g)(1) and 924(a)(2). In *United States v. Vongxay*, the Circuit held that "§ 922(g)(1) does not violate the Second Amendment as it applies to Vongxay, a convicted felon."[14] The Circuit recognized that "the historical question has not been definitively resolved," but noted that "most scholars of the Second Amendment agree that the right to bear arms was 'inextricably . . . tied to' the concept of a 'virtuous citizen[ry]' that would protect society through 'defensive use of arms against criminals, oppressive officials, and foreign enemies alike,' and that 'the right to bear arms does not preclude laws disarming the unvirtuous citizens (i.e. criminals).'"[15] In *Van Der Hule v. Holder*, the Circuit held that "§ 922(g)(1) continues to pass constitutional muster."[16] In *United States v. Phillips*, the Ninth Circuit stated that, "under Supreme Court precedent and our own," the court "must" "assum[e] the propriety of felon firearm bans."[17]

---

[13] 561 U.S. 742, 786 (2010) (quoting *Heller*, 554 U.S. at 626–27).

[14] 594 F.3d 1111, 1118 (9th Cir. 2010).

[15] *Id.* at 1118 (alterations in original) (quoting Don B. Kates, Jr., *The Second Amendment: A Dialogue*, 49 LAW & CONTEMP. PROBS. 143, 146 (1986)) (citations omitted); *see also id.* at 1117 (stating that "[f]elons are often, and historically have been, explicitly prohibited from militia duty") (citation omitted).

[16] 759 F.3d 1043, 1051 (9th Cir. 2014).

[17] 827 F.3d 1171, 1175 (9th Cir. 2016).

Case No. 3:22-cr-00065-SLG-MMS, *USA v. Barber*
Order re Motion to Dismiss Pursuant to *New York Rifle and Pistol Association v. Bruen*
Page 4 of 8
Case 3:22-cr-00065-SLG-MMS   Document 58   Filed 02/21/23   Page 4 of 8

Prior to *Bruen*, other circuits also recognized that federal statutes criminalizing felons possessing firearms do not violate the Second Amendment. After *Heller*, the Courts of Appeals have unanimously upheld the constitutionality of § 922(g)(1) against facial attacks.[18]

## II. The *Bruen* framework

After *Heller*, many circuits used a two-step test when considering whether a statute or regulation comported with the Second Amendment.[19] In *Bruen*, however, the Supreme Court held that the two-step test was "one step too many"[20] and instead announced a single-step analysis:

> when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation.[21]

Despite this change in the Second Amendment analytical framework, nothing in *Bruen* indicates that the Supreme Court has repudiated its earlier pronouncements that the Second Amendment's protections do not extend to felons. The *Bruen* Court explained that *Heller* does not support the two-step means-ends scrutiny

---

[18] *See, e.g.*, *United States v. Bogle*, 717 F.3d 281, 282 n.1 (2d Cir. 2013) (collecting cases).

[19] See *Bruen*, 142 S. Ct. at 2126–27, for a discussion of the two-step analysis.

[20] *Id.* at 2127.

[21] *Id.* at 2126.

Case No. 3:22-cr-00065-SLG-MMS, *USA v. Barber*
Order re Motion to Dismiss Pursuant to *New York Rifle and Pistol Association v. Bruen*
Page 5 of 8
Case 3:22-cr-00065-SLG-MMS   Document 58   Filed 02/21/23   Page 5 of 8

applied by the circuit courts,[22] but it did not alter *Heller's* statement that the prohibition of firearms by felons is "longstanding" and "presumptively lawful."[23] Indeed, the *Bruen* majority noted that the holding is "in keeping with *Heller*."[24] Justice Kavanaugh, joined by Chief Justice Roberts, stated that *Bruen* does not disturb what the Court said in *Heller* about the restrictions imposed on possessing firearms, namely the "longstanding prohibitions on the possession of firearms by felons."[25] Justice Alito stated in his concurrence: "Nor have we disturbed anything that we said in *Heller* or *McDonald* . . . ."[26] Justice Breyer, joined by Justices Kagan and Sotomayor, stated that *Bruen* "cast[s] no doubt on" *Heller's* treatment of laws prohibiting firearms possession by felons.[27]

As of December 2022, only one circuit court had considered a post-*Bruen* challenge to the constitutionality of Section 922(g)(1); it held that the statute was constitutional.[28] However, that circuit decision has since been vacated and a petition for rehearing en banc has been granted. The Government lists 61 district

---

[22] *Id.* at 2127.

[23] *See United States v. Ingram*, Case No. 0:18-557-MGL-3, 2022 WL 3691350, at *2 (D.S.C. Aug. 25, 2022) ("The Court agrees with the government that *Bruen* clarified and 'reiterated[,]' rather than modified, the constitutional ruling in *Heller*.").

[24] 142 S. Ct. at 2126.

[25] *Id.* at 2162 (Kavanaugh, J., concurring) (citation omitted).

[26] *Id.* at 2157 (Alito, J., concurring).

[27] *Id.* at 2189 (Breyer, J., dissenting).

[28] *Range v. Att'y Gen. United States*, 53 F.4th 262 (3d Cir. 2022) (per curiam), *reh'g en banc granted, opinion vacated*, 56 F.4th 992 (3d Cir. 2023).

Case No. 3:22-cr-00065-SLG-MMS, *USA v. Barber*
Order re Motion to Dismiss Pursuant to *New York Rifle and Pistol Association v. Bruen*
Page 6 of 8
Case 3:22-cr-00065-SLG-MMS   Document 58   Filed 02/21/23   Page 6 of 8

court cases in its brief that it indicates have each upheld the statute's continuing validity post-*Bruen*. In *United States v. Hill*, the Southern District of California concluded that "the reasoning of *Vongxay* and *Heller*—on which *Vongxay* relies— are not 'clearly irreconcilable with the reasoning or theory' of *Bruen*. Accordingly, *Bruen* did not 'effectively overrule' *Vongxay* and this Court is bound by *Vongxay* and its progeny."[29] In *United States v. Siddoway*, the District of Idaho concluded that "[t]he Ninth Circuit's reasoning in *Vongxay* is consistent with that critical second prong. The court determined that '[o]ur examination . . . of historical gun restrictions . . . lends credence to the post-*Heller* viability' of the previous determination that 18 U.S.C. § 922(g)(1) does not violate the Second Amendment."[30] The District of Idaho concluded that it was thus bound by *Vongxay*.[31] This Court has not identified any district court that has found the federal felon in possession statutes to be unconstitutional when applying the analytical framework set forth in *Bruen*.

---

[29] Case No. 21cr107 WQH, 2022 WL 4361917, at *3 (S.D. Cal. Sept. 20, 2022) (quoting *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003)). The District Court was also "persuaded by the historical analysis performed by the Court of Appeals for the D.C. Circuit in *Medina v. Whitaker*, 913 F.3d 152, 158–60 (D.C. Cir. 2019), which 'look[ed] to tradition and history' and concluded that 'the historical evidence and the Supreme Court's discussion of felon disarmament laws leads us to reject the argument that non-dangerous felons have a right to bear arms.'" *Id.*

[30] Case No. 1:21-cr-00205-BLW, 2022 WL 4482739, at *2 (D. Idaho Sept. 27, 2022) (alterations and omissions in original) (quoting *Vongxay*, 594 F.3d at 1116).

[31] *Id.*

Case No. 3:22-cr-00065-SLG-MMS, *USA v. Barber*
Order re Motion to Dismiss Pursuant to *New York Rifle and Pistol Association v. Bruen*
Page 7 of 8
Case 3:22-cr-00065-SLG-MMS   Document 58   Filed 02/21/23   Page 7 of 8

## CONCLUSION

The Court finds that the Supreme Court's previous emphasis on the validity of prohibitions on the possession of firearms by felons continues after *Bruen*. Because 18 U.S.C. § 922(g)(1) criminalizes the possession of firearms by felons, this Court determines that the statute would be upheld by the Supreme Court using the interpretation method pronounced in *Bruen*. For that reason, the motion at Docket 41 is DENIED.

DATED this 21st day of February, 2023, at Anchorage, Alaska.

<u>*/s/ Sharon L. Gleason*</u>
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cr-00065-SLG-MMS, *USA v. Barber*
Order re Motion to Dismiss Pursuant to *New York Rifle and Pistol Association v. Bruen*
Page 8 of 8
Case 3:22-cr-00065-SLG-MMS   Document 58   Filed 02/21/23   Page 8 of 8