# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>            v.<br><br>JAMES EDWARD BARBER,<br><br>                  Defendant. | Case No. 3:22-cr-00065-SLG-MMS |

## ORDER RE MOTION TO SUPPRESS EVIDENCE AND MOTION FOR EVIDENTIARY HEARING REGARDING MOTION TO SUPPRESS EVIDENCE

Before the Court are Defendant's *Motion to Suppress Evidence From Unreasonable Search and Seizure* at Docket 44 and Defendant's *Motion for Evidentiary Hearing Regarding Motion to Suppress Evidence From Unreasonable Search and Seizure* at Docket 45. The motions are fully briefed.[1]

### BACKGROUND

In August 2022, Officer Carter Mayes with the Anchorage Police Department ("APD") applied for a search warrant to search Defendant James Barber's white pickup truck for firearms, firearm accessories, and ammunition.[2] In the search warrant affidavit, Officer Mayes stated the following:

---

[1] *See* Docket 47 (Notice of Errata re Docket 44); Docket 59 (Supplement to Motion to Suppress Evidence From Unreasonable Search and Seizure); Docket 57 (Opposition to Motion to Suppress Evidence).

[2] Docket 44-2.

1. On 8/9/2022 at approximately 2308 hours, APD dispatch received reports of a disturbance at 409 N Lane St. The caller reported a bald white male was pointing a pistol at a female while yelling. The caller also reported that there was a white pickup truck next to the male and female, but it was unclear if the vehicle was involved.
2. Upon arrival on scene, I observed a white GMC Sierra bearing AK plate JVN270 parked in front of 409 N Lane St and occupied by a single white male in the driver's seat. As I approached, the GMC left NB on Lane St and then EB on Thompson Ave.
3. I contacted a female, SH, who identified herself as the victim reference [sic] this case. SH reported that a male she owed money, JAMES BARBER, had approached her outside her residence, pulled out a handgun, and demanded she pay him the money that she owed. SH was placed in fear as a result of BARBER pointing the handgun at her abdomen and chest. SH described the handgun as a revolver, possibly silver or gray in color, although she described the firearm as the kind that ejects spent rounds out the side (semi-automatic).
4. SH reported that BARBER had left in the white GMC bearing AK plate JVN270 as officers arrived, and an APSIN check revealed BARBER was the registered owner of the truck. SH reported BARBER as the sole occupant of the GMC.
5. I located the GMC a short time later, unoccupied, at 330 N Bliss St. SH contacted me again and advised that BARBER was inside her residence at 409 N Lane St. Officers contacted BARBER after he exited the residence, and he was placed in custody.
6. An APSIN check revealed BARBER was a convicted felon and prohibited from owning concealable firearms (convicted felonies: MIW 2, MIW 3, tamper with physical evidence, MICS 4).
7. SH provided consent for officers to search her residence for evidence of the assault, including firearms that BARBER may have possessed. I requested OFC KADOW impound the GMC as evidence pending application of a search warrant.[3]

---

[3] Docket 44-2 at 4.

Case No. 3:22-cr-00065-SLG-MMS, *USA v. Barber*
Order re Motion to Suppress Evidence and Motion for Evidentiary Hearing Regarding Motion to Suppress Evidence
Page 2 of 9
Case 3:22-cr-00065-SLG-MMS   Document 65   Filed 03/24/23   Page 2 of 9

The magistrate judge found probable cause and issued the search warrant, which APD officers then executed.[4] As a result of the search, officers found two handguns, a gun box, two firearm magazines, and suspected controlled substances.[5]

Barber contends that he is entitled to a *Franks* hearing[6] because the police officer deliberately or recklessly omitted material facts from the warrant affidavit that, if included, "would have defeated a showing of probable cause."[7] Barber asserts that the material facts the affidavit did not disclose are that: S.H. was a government informant; S.H. "directed a friend to make the 911 call"; there were different descriptions of the firearm; and someone other than Barber had entered the vehicle before it was impounded.[8] The Government contends that the "omissions, if corrected, do not alter the probable cause determination," that the "omissions are immaterial," and that "[e]ven if the warrant is invalid, probable cause existed to search the vehicle" without a warrant.[9]

---

[4] *See* Docket 44-2 at 6-9.

[5] Docket 44-1 at 4; Docket 44-2 at 9.

[6] *Franks v. Delaware*, 438 U.S. 154 (1978).

[7] Docket 44 at 1, 12.

[8] Docket 44 at 7-11.

[9] Docket 57 at 1.

Case No. 3:22-cr-00065-SLG-MMS, *USA v. Barber*
Order re Motion to Suppress Evidence and Motion for Evidentiary Hearing Regarding Motion to Suppress Evidence
Page 3 of 9
Case 3:22-cr-00065-SLG-MMS   Document 65   Filed 03/24/23   Page 3 of 9

## DISCUSSION

"A warrant must be supported by probable cause—meaning a 'fair probability that contraband or evidence of a crime will be found in a particular place based on the totality of circumstances.'"[10] "The magistrate's probable cause determination 'should be paid great deference by reviewing courts,'" which are "limited to ensuring that the magistrate had a 'substantial basis' for concluding that probable cause existed."[11] There is an "assumption of validity underlying a supporting affidavit."[12]

A party moving for an evidentiary hearing challenging that validity, known as a *Franks* hearing, "must submit 'allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.' Furthermore, the movant must show that any omitted information is material. The movant bears the burden of proof and must make a substantial showing to support both elements."[13] "In determining materiality, '[t]he pivotal

---

[10] *United States v. Kvashuk*, 29 F.4th 1077, 1085 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 310 (2022) (quoting *United States v. King*, 985 F.3d 702, 707 (9th Cir. 2021)).

[11] *Kvashuk*, 29 F.4th at 1085 (quoting *King*, 985 F.3d at 707-08).

[12] *United States v. Chavez-Miranda*, 306 F.3d 973, 979 (9th Cir. 2002).

[13] *Chavez-Miranda*, 306 F.3d at 979 (first quoting *Franks*, 438 U.S. at 171; then citing *United States v. Kiser*, 716 F.2d 1268, 1271 (9th Cir.1983); and then citing *United States v. Garcia-Cruz*, 978 F.2d 537, 540 (9th Cir.1992)).

Case No. 3:22-cr-00065-SLG-MMS, *USA v. Barber*
Order re Motion to Suppress Evidence and Motion for Evidentiary Hearing Regarding Motion to Suppress Evidence
Page 4 of 9
Case 3:22-cr-00065-SLG-MMS   Document 65   Filed 03/24/23   Page 4 of 9

question is whether an affidavit containing the omitted material would have provided a basis for a finding of probable cause.'"[14]

Barber asserts that Officer Mayes deliberately or recklessly omitted facts about S.H.'s status as a government informant, S.H.'s relationship with the 911 caller, differing descriptions of the firearm, and someone else's brief presence in the white pickup truck prior to the police impounding it.[15] Barber contends that these facts were material because they "weighed against [S.H.'s] veracity and reliability," "misled the magistrate," "[made] it less likely a crime had taken place," and "weakened the likelihood that any evidence of crime . . . would be found in the vehicle."[16] Barber further maintains that S.H.'s criminal history, "including crimes of moral turpitude," undermined her reliability but were also omitted from the warrant affidavit.[17]

First, the Court finds that the facts stated in the affidavit, which the defense does not dispute, provided a "substantial basis" for the magistrate judge to conclude that probable cause existed. Probable cause is a low standard, and there were multiple indicia of reliability when considering the totality of the circumstances laid out in the affidavit. There was a report of a white male pointing a firearm at a

---

[14] *Chavez-Miranda*, 306 F.3d at 979 (quoting *Garcia-Cruz*, 978 F.2d at 541).

[15] Docket 44 at 7-11.

[16] Docket 44 at 9-11.

[17] Docket 59 at 1.

Case No. 3:22-cr-00065-SLG-MMS, *USA v. Barber*
Order re Motion to Suppress Evidence and Motion for Evidentiary Hearing Regarding Motion to Suppress Evidence
Page 5 of 9
Case 3:22-cr-00065-SLG-MMS   Document 65   Filed 03/24/23   Page 5 of 9

female next to a white pickup truck; this report was then confirmed by the female victim S.H. herself. When Officer Mayes arrived on scene, he observed the white truck as a GMC Sierra with Alaska plate number JVN270, with a white male in the driver's seat who drove away as the officer approached. S.H. confirmed it was Barber who pointed the gun at her and then drove away in the white truck, and Officer Mayes shortly thereafter found the same truck on a nearby street. When running the plates for the truck, Officer Mayes verified it was registered to Barber, the same man identified by S.H. S.H. then told the officer that Barber had entered her residence, which was accurate, because other APD officers took him into custody when he exited the residence.[18] When APD officers did not find the firearm described in the assault in S.H.'s residence where Barber had just been,[19] it then made sense for Officer Mayes to believe Barber could have left the firearm in his truck where he had also just recently been. As the defense points out, "[a]ssessing whether probable cause exists is 'a common-sense determination.'"[20]

Second, the Court disagrees with the defense that the omitted facts were material to the finding of probable cause. That S.H. may have been an informant

---

[18] Docket 44-2 at 4.

[19] Officer Mayes stated in his police report that there was also no firearm on Barber's person, but he did not explicitly state that in his affidavit. Docket 44-1 at 2. He did, however, state in his affidavit that Barber was taken into custody, and the Court presumes that the magistrate judge understood that the officers would have frisked Barber at that point for the officers' own safety.

[20] Docket 44 at 6 (quoting *United States v. Hall*, 113 F.3d 157, 159 (9th Cir. 1997)).

Case No. 3:22-cr-00065-SLG-MMS, *USA v. Barber*
Order re Motion to Suppress Evidence and Motion for Evidentiary Hearing Regarding Motion to Suppress Evidence
Page 6 of 9
Case 3:22-cr-00065-SLG-MMS   Document 65   Filed 03/24/23   Page 6 of 9

and had a criminal history does "not make [her] a liar."[21] Although Barber asserts that Officer Mayes should have disclosed S.H.'s "relationship with federal law enforcement – and whether she expected anything to gain from the accusation" against Barber,[22] "the fact that an informant has an ulterior or impure motive in coming forward to provide information to the police does not preclude a finding that the informant is nevertheless credible."[23] Because there were other indicia of reliability to S.H.'s statements to the police as discussed above, the Court finds this omission immaterial.

Nor would the inclusion of the other omissions identified by the defense have affected the probable cause finding. Although S.H. knew the 911 caller, S.H. herself corroborated the most pertinent aspects of the 911 report—that a man was pointing a gun at her. The defense also points out inconsistencies between the 911 call and S.H.'s description of the firearm—whereas the 911 caller said the firearm was black, S.H. said it was silver or gray.[24] The Court notes, however, that this incident occurred around 11:00 p.m. on August 9, 2022, and S.H. stated that she had just had a firearm pointed at her torso.[25] Such variations in testimony

---

[21] *See United States v. Meling*, 47 F.3d 1546, 1555 (9th Cir. 1995) (upholding finding of probable cause despite informant's potential ulterior motives and criminal history).

[22] Docket 44 at 9.

[23] *See Meling*, 47 F.3d at 1555.

[24] Docket 44 at 10.

[25] Docket 44-2 at 4. The Court takes judicial notice that on August 9, 2022, the sun had set at 10:14 p.m. *See Anchorage, Alaska, USA – Sunrise, Sunset, and Daylength, August 2022*, Time

Case No. 3:22-cr-00065-SLG-MMS, *USA v. Barber*
Order re Motion to Suppress Evidence and Motion for Evidentiary Hearing Regarding Motion to Suppress Evidence
Page 7 of 9
Case 3:22-cr-00065-SLG-MMS   Document 65   Filed 03/24/23   Page 7 of 9

regarding the color of an object are common among witnesses, even for those witnessing something during broad daylight and without having had a gun pointed at them. The Court finds this to be a minor discrepancy that is immaterial to the probable cause finding.

Finally, the defense contends that the fact that someone else had briefly entered Barber's truck should have been included in the affidavit. The defense asserts that the person could have disturbed the contents of the truck.[26] However, in the video footage submitted by the defense, the man who entered the truck did not have time to close the door all the way before the police ordered him to exit the vehicle.[27] This is corroborated by Officer Mayes's report in which he stated that the man "never closed the door of the GMC and did not appear to manipulate anything in the truck."[28] Furthermore, when the man exited the truck, he said, "My buddy just asked me to get his truck for him," and "I just got asked to move a truck."[29] If anything, this omitted information provides more reason for a magistrate judge to find probable cause to search the vehicle in this situation. Because Barber knew the police saw his truck (since he drove away as Officer Mayes approached

---

and Date, https://www.timeanddate.com/sun/usa/anchorage?month=8&year=2022 (last visited Mar. 24, 2023).

[26] Docket 44 at 10-11.

[27] Docket 44-3 at Exhibit D-9, 1:00-1:10.

[28] Docket 44-1 at 3.

[29] Docket 44-3 at Exhibit D-9, 1:29-1:33, 2:41-2:44.

Case No. 3:22-cr-00065-SLG-MMS, *USA v. Barber*
Order re Motion to Suppress Evidence and Motion for Evidentiary Hearing Regarding Motion to Suppress Evidence
Page 8 of 9

him), and because the police knew the truck belonged to Barber after running an APSIN check, it would only increase suspicion when a "buddy" showed up to move the truck right as the police were looking for Barber.

Accordingly, the Court finds that the magistrate judge had a substantial basis for concluding that probable cause existed and that the aforementioned omissions were immaterial to that finding. Therefore, IT IS ORDERED that Defendant's *Motion to Suppress Evidence From Unreasonable Search and Seizure* at Docket 44 and Defendant's *Motion for Evidentiary Hearing Regarding Motion to Suppress Evidence From Unreasonable Search and Seizure* at Docket 45 are DENIED.

DATED this 24th day of March, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cr-00065-SLG-MMS, *USA v. Barber*
Order re Motion to Suppress Evidence and Motion for Evidentiary Hearing Regarding Motion to Suppress Evidence
Page 9 of 9
Case 3:22-cr-00065-SLG-MMS   Document 65   Filed 03/24/23   Page 9 of 9