# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES EDWARD BARBER,<br><br>    Defendant. | Case No. 3:22-cr-00065-SLG-MMS |

### ORDER RE MOTION TO RECONSIDER DENIAL OF MOTION TO DISMISS

  Before the Court at Docket 94 is Defendant James Barber's *Motion to Reconsider Denial of Motion to Dismiss*. Mr. Barber seeks reconsideration of the Court's order at Docket 58, which denied Mr. Barber's *Motion to Dismiss Pursuant to New York Rifle and Pistol Association v. Bruen*.

  Mr. Barber brings his motion based on an "intervening change in the law" pursuant to Local Rule 7.3(h)(1)(C) and identifies that "change in the law" as a recent Third Circuit decision: *Range v. Att'y Gen. United States*.[1] In *Range*, the Third Circuit made what it described as a "narrow" decision, holding that 18 U.S.C. § 922(g)(1) was unconstitutional as applied to the defendant, whose prior crime was "making a false statement on an application for food stamps."[2] The *Range* court held that despite the defendant's false statement conviction, the defendant

---

[1] 69 F.4th 96 (3d Cir. 2023) (en banc); Docket 94 at 2.

[2] *Range*, 69 F.4th at 105-06.

"remains one of 'the people' protected by the Second Amendment" and that "the Government ha[d] not shown that the Nation's historical tradition of firearms regulation supports depriving [the defendant] of his Second Amendment right to possess a firearm."[3]  Based on that decision, Mr. Barber urges the Court to reconsider its order denying his motion to dismiss Count 1, Possession of a Firearm by a Felon in violation of 18 U.S.C. § 922(g)(1).[4]

The Court notes that the Third Circuit's decision in *Range* is narrow and not controlling in this Circuit.  Mr. Barber has not cited to any intervening Ninth Circuit change in the law on the issue, and the Court is currently unaware of any. Furthermore, even if the Court were to consider *Range* in this context, the *Range* decision was on an as-applied basis, and Mr. Barber fails to assert how 18 U.S.C. § 922(g)(1) would be unconstitutional as applied to him, when his underlying offenses were two convictions for second degree misconduct involving weapons.

In conclusion, Barber has not made the requisite showing to justify reconsideration of the Court's order.  Reconsideration generally requires a showing of "manifest error of the law or fact," "discovery of new material facts not previously available," or an "intervening change in the law."[5]  Mr. Barber has not

---

[3] *Range*, 69 F.4th at 106 (citing *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2126 (2022)).

[4] Docket 94 at 5; Docket 41 at 1.

[5] D. Alaska L. Civ. R. 7.3(h)(1).

Case No. 3:22-cr-00065-SLG-MMS, *USA v. Barber*
Order re Motion to Reconsider Denial of Motion to Dismiss
Page 2 of 3
Case 3:22-cr-00065-SLG-MMS   Document 96   Filed 06/23/23   Page 2 of 3

made a showing on any of the requirements and, accordingly, has not shown that reconsideration is warranted.

In light of the foregoing, IT IS ORDERED that Defendant's *Motion to Reconsider Denial of Motion to Dismiss* at Docket 94 is DENIED.

DATED this 23rd day of June, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cr-00065-SLG-MMS, *USA v. Barber*
Order re Motion to Reconsider Denial of Motion to Dismiss
Page 3 of 3
Case 3:22-cr-00065-SLG-MMS   Document 96   Filed 06/23/23   Page 3 of 3